UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOME, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-01389-HBK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. No. 6)<br><br>ORDER TO SUBMIT COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN FOURTEEN (14) DAYS |

Plaintiff Israel Maldonado Ramirez initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on September 16, 2021. (Doc. No. 1). The complaint was not accompanied by the filing fee or an application to proceed *in forma pauperis* ("IFP"). (*See* docket). On September 21, 2021, the Court directed Plaintiff within thirty days to either pay the fee or apply to proceed IFP. (Doc. No. 3).

On October 15, 2021, Plaintiff moved to proceed IFP. (Doc. No. 6). The application was deficient because it lacked Plaintiff's original signature. (*Id.* at 2). Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 131(b); Fed. R. Civ. P. 11(a). Further, Plaintiff must authorize officials to withdraw monies from his inmate account pursuant to 28 U.S.C. § 1915(b)(2). The Court will deny Plaintiff's motion without

prejudice but provide him fourteen days to submit a new, signed application or pay the $402 filing fee.

If Plaintiff opts to apply again for IFP, he must demonstrate indigence beyond what he showed in the present application. Attached to his motion was a copy of his account summary spanning from June 17, 2021 through October 11, 2021. (*Id.* at 3-7). That account reflected a balance of $391.64 on September 13, 2021, the day before Plaintiff signed his complaint. (*Id.* at 4; Doc. No. 1 at 6). During the three month period provided by Plaintiff, his account balance peaked at $433.37 on September 1, 2021 and exceeded $402 as late as September 10, 2021. (*Id.*). An official at Plaintiff's institution certified that in the previous six months Plaintiff had received average monthly deposits of $178.33. (*Id.* at 2). Plaintiff regularly receives deposits from an individual named Yolanda Ramirez, who posted $450 in August 2021 and $60 in September 2021. (*Id.* at 4-5). Plaintiff's IFP application, however, denies he received any money over the previous twelve months, including any "gifts" or money from "[a]ny other sources." (*Id.* at 1).

The court is required to "dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). It appears Plaintiff had sufficient funds in his inmate trust account to pay the $402.00 filing fee in this case within a week of when he initiated this action, and that he regularly receives income from an outside source despite claiming to the contrary. Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). While IFP applicants need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). When "an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989). Due to his incarceration, Plaintiff does not incur expenses in prison for necessities such as sustenance,

housing, and medical care and in his application, he attests that he has no dependents. (Doc. No. 6).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is DENIED without prejudice.
2. **Within fourteen (14) days** of the date of receipt of this order, Plaintiff shall fully complete, sign and re-submit the enclosed application to proceed in forma pauperis, with Plaintiff's original signature, or in the alternative, pay the $402.00 filing fee for this action. Failure to comply with this order will result in dismissal of this action.
3. The Clerk of Court is directed to provide Plaintiff a copy of the Court's approved application to proceed *in forma pauperis* for prisoners.

Dated:    October 19, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3